IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARK BROCK**                                                                                  **PLAINTIFF**

**VS.**                                                                     **CAUSE NO. 3:13-cv-862 DCB-MTP**

**ISSAQUENA COUNTY, MISSISSIPPI, by and**                                        **DEFENDANTS**
**through its Board of Supervisors, WARREN**
**COUNTY, MISSISSIPPI, by and through its Board of**
**Supervisors, THE CITY OF VICKSBURG,**
**MISSISSIPPI, SHERIFF RICHARD JONES, in his**
**official and individual capacities, SHERIFF MARTIN**
**PACE, in his official and individual capacities, AND**
**OTHER UNKNOWN JOHN and JANE DOES 1-10,**
**in their official and individual capacities**

**AMENDED COMPLAINT**
*JURY TRIAL DEMANDED*

**COMES NOW,** the Plaintiff, MARK BROCK, by and through counsel of record, and files this Amended Complaint against ISSAQUENA COUNTY, MISSISSIPPI, by and through its Board of Supervisors, WARREN COUNTY, MISSISSIPPI, by and through its Board of Supervisors, THE CITY OF VICKSBURG, MISSISSIPPI, SHERIFF RICHARD JONES, in his official and individual capacities, SHERIFF MARTIN PACE, in his official and individual capacities, AND OTHER UNKNOWN JOHN and JANE DOES 1-10, in their official and individual capacities.  In support of the same, the Plaintiff would state as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 as well as the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws of the State of Mississippi, against the aforementioned Defendants.

1

2. This action is brought as a result of a violation of Plaintiff's civil and constitutional rights who, while in the custody of the Issaquena County Sheriff's Department on September 9, 2012, was attacked and severely beaten by a fellow inmate in the presence of multiple officers. As a result of this attack, the Plaintiff sustained severe injuries as he was beaten unconscious with no intervention from the nearby officers.

## JURISDICTION AND VENUE

3. Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff and caused by the Defendants' blatant violation of the rights, privileges and immunities as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

4. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## PARTIES

5. Plaintiff, MARK BROCK, is an adult citizen and resident of the State of Mississippi wherein he resides in the City of Jackson, Mississippi. The injuries inflicted upon the Plaintiff were done while he was being held in Issaquena County Correctional Facility in Mayersville, Mississippi, while the Facility was under the supervision and control of certain Defendants.

6. Defendant, ISSAQUENA COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Issaquena County Sheriff and the Issaquena County Sheriff's Department. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Mr. Milton Goza, and/or the Chancery Clerk for Issaquena County, Mississippi, Ms. Erline Fortner, at Issaquena County Courthouse in Mayersville, Mississippi.

7. Defendant, WARREN COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Warren County Sheriff and the Warren County Sheriff's Department. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Mr. William F. Lauderdale, Jr., and/or the Chancery Clerk for Warren County, Mississippi, Ms. Donna Farris Hardy, at Warren County Courthouse in Vicksburg, Mississippi.

8. Defendant, CITY OF VICKSBURG, MISSISSIPPI, is a municipality duly incorporated under the laws of the State of Mississippi. Pursuant to Miss. Code Ann. Section 13-3-47 (1972), service of process may be had on the City of Vicksburg, Mississippi, by effecting the same upon its Mayor, George Flaggs, Jr., or the Municipal Clerk for the City of Vicksburg, Mississippi. At all times material hereto, the City of Vicksburg, Mississippi, was vicariously liable for the acts of omission or commission of the Defendants, Issaquena County Sheriff's Department and Issaquena County Correctional Facility, and any other defendants, as the same relates to the injuries and outrageous conduct of all the defendants since it contracted with the Sheriff and Warren County to house, care, to be responsible for, and for the treatment of its prisoners.

9. Defendant, RICHARD JONES, is an adult resident citizen of Issaquena County, Mississippi. At all times material hereto this Defendant was the duly elected Sheriff of Issaquena County,

Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Issaquena County, Mississippi as well as the citizens of Mississippi, to include the plaintiff, by and on behalf of the Defendant, Issaquena County, Mississippi. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Issaquena County Courthouse in Mayersville, Mississippi, or by effecting service upon his duly authorized designee, at the Issaquena County Courthouse in Mayersville, Mississippi, or at the Issaquena County Correctional Facility in Mayersville, Mississippi.

10. Defendant, MARTIN PACE, is an adult resident citizen of Warren County, Mississippi. At all times material hereto this Defendant was the duly elected Sheriff of Warren County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Warren County, Mississippi as well as the citizens of Mississippi, to include the plaintiff, by and on behalf of the Defendant, Warren County, Mississippi. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Warren County Courthouse in Vicksburg, Mississippi, or by effecting service upon his duly authorized designee, at the Warren County Courthouse in Vicksburg, Mississippi, or at the Warren County Jail in Vicksburg, Mississippi.

11. Defendants, UNKNOWN JOHN AND JANE DOES 1-10, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Issaquena County, Mississippi, and Warren County, Mississippi and through the discovery process it is further believed that their true and accurate identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend his Complaint and to

specifically name the unknown persons as Defendants to this action and serve them with process for wrongs committed and violations against the rights, privileges and immunities of the Plaintiff, all of which it is alleged were committed in their official and individual capacities, as employees of Issaquena County, Mississippi, the Issaquena County Sheriff's Department, Sheriff Richard Jones, Warren County, Mississippi, the Warren County Sheriff's Department, Sheriff Martin Pace, other State or Municipal entities and/or other individuals acting in concert with such person, persons or state entities named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of the Plaintiff.

## **FACTS**

12. In August of 2012, Plaintiff was stopped by the Mississippi Highway Patrol in Warren County, Mississippi. Plaintiff was initially pulled over for a broken taillight. The Mississippi Highway Patrol officer was later joined on the stop by a deputy with the Warren County Sheriff's Department.

13. Upon review of Plaintiff's license, the officer became aware of warrants for the Plaintiff's arrest arising from the City of Vicksburg for unpaid tickets for traffic violations. Plaintiff was then taken to the Warren County Jail by a deputy of the Warren County Sheriff's Department to be booked but was subsequently transported by the City of Vicksburg Police Department to Issaquena County Correctional Facility ("ICCF") in accordance with its policy to transport individuals arrested for misdemeanors to the Issaquena County Correctional Facility.

14. Because he did not have the finances necessary to cover his fines arising from the City of Vicksburg, the Plaintiff was held in ICCF to satisfy his fines at a rate of $25.00 per day.

Plaintiff was incarcerated approximately two (2) weeks before the incident which resulted in the instant litigation occurred.

15. On the morning of September 9, 2012, the Plaintiff was sitting at a picnic table in the common area watching a televised church service. It was at this time that the Plaintiff was the victim of an unprovoked attack by a fellow inmate.

16. Upon information and belief, a mentally ill inmate, who was incarcerated for a violent offense, attacked the Plaintiff. The inmate knocked the Plaintiff to the ground and proceeded to severely beat the Plaintiff by, among other means, kicking and stomping the Plaintiff's head until the Plaintiff was rendered unconscious.

17. At the time of the attack, the ICCF guards were approximately ten (10) feet from Plaintiff and either failed to stop the attack or allowed the attack to occur and continue. When the Plaintiff finally regained consciousness, he was being transported to the Sharkey-Issaquena Community Hospital ("SICH") due to the serious nature of his injuries as appropriate medical care and treatment was unavailable at ICCF.

18. Upon arrival at the hospital, the SICH medical staff administered an MRI and administered wound care to Plaintiff's lip. After reviewing the MRI results, the medical staff at the hospital refused to care for the Plaintiff and instead told a senior deputy for Issaquena County Sheriff's Department to take the Plaintiff elsewhere.

19. Based upon a later examination and surgery, the Plaintiff is now aware that he was suffering from multiple fractures in his face and skull and was suffering from these injuries when he arrived at SICH. After being told that he should be taken away from the hospital, the Plaintiff requested that the SICH medical staff contact his family and attorney.

20. Instead, the senior Issaquena deputy then instructed the medical staff to discontinue communication with the Plaintiff unless it was required for further medical assistance. The

medical staff did not perform any further necessary medical care. Neither the doctor nor the nurse communicated any of the Plaintiff's medical results with the Plaintiff. Instead, they gave the DVD results of the MRI directly to the senior deputy, who then transported the Plaintiff back to ICCF.

21. Because the correctional facility had neither sufficient medical staff available to treat an injured inmate nor made any attempt to contact any of the medical staff, Plaintiff was forced to wait for the medic to arrive the following morning.

22. The next day, on September 10, 2012, Plaintiff was being held in general population; however, he had been provided no medical treatment to stop the bleeding from his injuries. He was finally able to see the ICCF medic who informed the ICCF staff to discharge Plaintiff immediately so he could receive medical attention.

23. At this time, a deputy with the Issaquena County Sheriff's Department was called in order to transport the Plaintiff back to the Warren County Jail, where the Plaintiff was processed and released. Upon his release, Plaintiff was given the DVD of the MRI results that had been held by the deputies at Issaquena County and was told to find someone that could provide him medical care. At this point, Plaintiff's injuries were still untreated.

24. He was released to the sidewalk outside of the Warren County Jail while still bleeding. Plaintiff contacted his family who then drove from Smith County to retrieve him.

25. He was immediately taken to the VA Hospital in Jackson, Mississippi given his severe and untreated injuries. Upon review of the MRI results provided by the Plaintiff, the VA staff immediately admitted him for treatment, subsequently performing surgery on the Plaintiff's skull and inserting a plate in his head. From the time of the attack to the time of his release, approximately 30 hours had passed.

26. Plaintiff, to date, has not been released by his medical providers to return to work.  Plaintiff has suffered extensive nerve damage, serious and traumatic physical injury, as well as emotional and mental anguish as a result of this incident.

## COUNT 1 – ACTION FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

27. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

28. At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, or practice wherein the rights, privileges or immunities of the Plaintiff were violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's:

   a. right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi,

   b. right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amended to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution and pursuant generally to federal and Mississippi laws,

   c. right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution and pursuant federal and Mississippi laws,

    d.  right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3 § 14 of the Mississippi Constitution and pursuant generally to federal and Mississippi law,

    e.  right to confront witnesses pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States and Article 3, §26 of Mississippi Constitution and pursuant generally to federal and Mississippi laws,

    f.  right to compulsory process pursuant specifically to the Sixth Amendment to the Constitution of the United States of America and Article 3, § 26 of Mississippi Constitution and pursuant generally to federal and Mississippi law,

    g.  right to be free from cruel and unusual punishment as set forth in the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

29. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using or allowing force and physical violence designed and intended to cause plaintiff physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious medical needs of Plaintiff all of which caused or contributed to his injuries that commenced on or about September 9, 2012.

30. As a direct and proximate consequence of the Defendants actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's,

Fifth and Fourteenth Amendment fights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants, together with his Eighth Amendment right proscribing cruel and unusual punishment.

31. At all times material hereto, the Defendants and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice.

32. It is further averred that certain Defendants and/or others were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the City of Vicksburg, Warren County, Mississippi and the Issaquena County Correctional Facility and other facilities where Plaintiff was incarcerated and/or held. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in the injuries of the Plaintiff.

33. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiff of certain rights guaranteed by the Constitution of the United States of America, Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing severe past, present and permanent injuries and disability, and experienced extreme pain, suffering, humiliation, degradation, mental distress, medical expenses past and present and future, and severe emotion anguish.

**COUNT II – ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1985**

34. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

35. As a detainee of the City of Vicksburg Police Department for charges outstanding from the City of Vicksburg, the Defendant City of Vicksburg, and all other law enforcement agencies that came into contact with the Plaintiff had a duty to insure that the Plaintiff was not deprived of his civil rights while incarcerated.  While incarcerated at ICCF, Plaintiff was violently beaten until rendered unconscious without any intervention from ICCF staff. He was then transported to SICH where he was refused medical treatment.  While at SICH, ICCF deputies, in violation of the Health Insurance Portability and Accountability Act (HIPAA) as well as Plaintiff's civil rights, intentionally instructed medical staff to abstain from communicating with Plaintiff regarding his medical treatment.  Further, ICCF deputies took into possession Plaintiff's medical results and did not provide these results to Plaintiff or to an alternative medical provider.

36. Upon return to ICCF, ICCF staff conspired with the City of Vicksburg Police Department and the Warren County Sheriff's Department to immediately release Plaintiff from custody in order to avoid providing appropriate medical treatment.  Notwithstanding this blatant attempt to provide Plaintiff adequate medical treatment, certain Defendants further conspired to delay Plaintiff from receiving any medical attention for his injuries.

37. The conspiratorial purpose was to avoid providing Plaintiff appropriate and necessary medical treatment for the injuries sustained.  Defendants delayed medical treatment for thirty hours to the detriment of the Plaintiff.

38. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiff of certain rights guaranteed by the Constitution of the United States of America, Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing severe past, present and permanent injuries and disability, and experienced extreme

pain, suffering, humiliation, degradation, mental distress, medical expenses past, present and future, and severe emotion anguish.

## COUNT III – ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY PURSUANT TO 42 U.S.C. 1986

39. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

40. Certain Defendants knew or reasonably should have known, that they had inadequate training, medical personnel, to recognize infections cuts or other injuries that need medical treatment.

41. However, none of the aforementioned Defendants took any steps to thwart a conspiracy. Specifically, SICH permitted ICCF staff to instruct them not to communicate with the Plaintiff regarding the severity and treatment of his injuries.  Further, SICH staff released Plaintiff's medical information directly to ICCF staff who withheld this information until the Plaintiff was released a day later—still suffering from untreated injuries.

42. Defendants either intentionally or through their own negligence, failed to immediately report, expose, prevent, intervene, stop or otherwise thwart the conspiracy to deprive the Plaintiff and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, duty, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred and/or as they were occurring. Consequently, these Defendants are liable for the Plaintiff's injuries and the deprivations that occurred thereto.

## COUNT IV – FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES/NEGLIGENT HIRING

43. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

44. Certain Defendants negligently hired deputies and other jail personnel and/or failed to hire appropriate medical personnel. The Defendants are (and at the time of the injuries) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the ICCF and/or the Warren County Jail. As a detainee of the City of Vicksburg Police Department, the City of Vicksburg had responsibility over the Plaintiff and a duty to insure that proper policies and procedures were followed by the employees and agents of any and all facilities in which City of Vicksburg detainees were housed.

45. As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate training and/or supervision for its deputies and negligent hiring, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which properly hired, trained and supervised deputies would have recognized and avoided.

46. Failure to properly hire, provide adequate training and supervision and/or provide adequate medical training/personnel was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the plaintiff, and any other person or persons similarly situated. Thus, because of these failures, the aforementioned Defendants are liable for Plaintiff's injuries, damages, and the deprivation of civil rights associated therewith.

### COUNT V – PENDENT STATE/SUPPLEMENTAL CLAIM
### CIVIL CONSPIRACY

47. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48. On the dates in question certain Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation to engage in

conduct that was wrongful, intentional, willful and wanton and designed to inflict upon Skinner certain harm, suffering and pain the likes of which can be compared only to episodes of outrageous conduct.

49. Certain Defendants conduct was illegal and amounted to a civil conspiracy against Plaintiff. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severely liable to Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State. Thus, Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy.

### COUNT VI – PENDENT STATE/SUPPLEMENTAL CLAIM
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

51. All Defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

52. At all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

53. Despite said knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the

knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, anguish, emotional and physical injuries, as well as economic losses, all to his damage in amounts to be proven at trial.

### COUNT VII – PENDENT STATE/SUPPLEMENTAL CLAIM INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

56. Defendants engaged in outrageous conduct towards Plaintiff, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer emotional distress. To the extent that said outrageous conduct was perpetrated by certain Defendants, the remaining Defendants adopted and ratified said conduct with a wanton and reckless disregard of the deleterious consequences to Plaintiff.

57. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, anguish, and emotional and physical injuries, as well as economic losses, all to his damage in amounts to be proven at trial.

58. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive damages in amounts to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that enter a judgment in against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Plaintiff pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, slander and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury.

Plaintiff further request a judgment against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff in an amount to be determined by the jury.

Further the Plaintiff requests a judgment against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees as well as a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

THIS the 1st day of April, 2014.

                                                RESPECTFULLY SUBMITTED,
                                                MARK BROCK, PLAINTIFF

                                                BY: _____/s/Chuck McRae_____
                                                        CHUCK MCRAE, MSB #2804

CHUCK MCRAE, MSB #2804
SETH C. LITTLE, MSB#102890
MCRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MS  39201
Tel.: 601.944.1008
Facsimile: 866.236.7731
Email: chuck@mcraelaw.net
        seth@mcraelaw.net

## CERTIFICATE OF SERVICE

I, Chuck McRae, do hereby certify that I have this day filed the above and foregoing with this Court's electronic filing system which automatically sends notification to the following:

**ALL COUNSEL OF RECORD**

THIS the 1st day of April, 2014.

/s/ *Chuck McRae*
CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
SETH C. LITTLE, MSB#102890
McRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MS 39201
Telephone:  601.944.1008
Facsimile:  866.236.7731
Email:  chuck@mcraelaw.net
        seth@mcraelaw.net