```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

**MARK BROCK**                                                **PLAINTIFF**

VS.                              CIVIL ACTION NO: 3:13-cv-862-DCB-MTP

**ISSAQUENA COUNTY, MISSISSIPPI, WARREN COUNTY,
MISSISSIPPI, CITY OF VICKSBURG, MISSISSIPPI,
SHERIFF RICHARD JONES in his OFFICIAL and
INDIVIDUAL CAPACITIES, SHERIFF MARTIN PACE in
his OFFICIAL and INDIVIDUAL CAPACITIES, AND
JOHN AND JANE DOES 1-10**                                    **DEFENDANTS**

<u>ORDER</u>

This matter is before the Court on Defendant's, City of Vicksburg, Motions to Dismiss **[docket entries 12, 25, and 28]** and Plaintiff's Motion to Strike **[docket entry 34]** the third Motion to Dismiss. Having considered the motions and responses, the applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural History

Plaintiff Mark Brock was arrested in August of 2012 and taken to the Issaquena County Correctional Facility ("ICCF"). Am. Compl. ¶ 12, ECF No. 18. Brock was arrested on a warrant issued by the City of Vicksburg ("Vicksburg") for unpaid parking tickets and incarcerated to pay off the tickets at a rate of twenty-five dollars ($25.00) a day. Am. Compl. ¶ 13-14. While incarcerated, Brock was attacked by another inmate in the presence of the guards

1

and suffered injuries requiring stitches, an MRI, and eventual surgery. Officials at ICCF took Brock to the Sharkey-Issaquena County Hospital ("SICH") where he received stitches and an MRI. However, after reviewing the results of the MRI, unnamed members of the SICH staff told the officials who brought Brock to take him elsewhere as they were unable to treat him at SICH. Am. Compl. ¶ 18. Instead, the ICCF officials returned Brock to ICCF from which he was then transferred to the Warren County Jail ("WCJ") by a member of the Issaquena County Sheriff's Department. Am. Compl. ¶ 23. The next day, Brock was released and left to seek treatment for his injuries on his own. Am. Compl. ¶ 24.

Brock filed his initial complaint on December 6, 2013, alleging seven counts of injury: (1) § 1983 deprivation of civil rights, (2) § 1985 conspiracy to interfere with civil rights, (3) § 1986 neglect or failure to prevent conspiracy, (4) failure to adequately train and supervise deputies or negligent hiring, (5) civil conspiracy, (6) negligent infliction of emotional distress, and (7) intentional infliction of emotional distress. Compl. p. 7-15, ECF No. 1. Vicksburg filed its first motion to dismiss on March 19, 2014, arguing a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 12. Thereafter, Brock filed an amended complaint on April 1, 2014, alleging the same counts but with additional facts. See Am. Compl., ECF No. 18. Vicksburg then filed its second motion to dismiss on April 15,

2014, arguing that Brock still failed to state a claim pursuant to Rule 12(b)(6).[1] Mot. Dismiss, ECF No. 25. Vicksburg then filed a third motion to dismiss on April 30, 2014, arguing that Brock had failed to comply with the notice of claim requirements of the Mississippi Tort Claims Act ("MTCA"). Mot. Dismiss, ECF No. 28. On May 16, 2014, Brock filed a motion to strike Vicksburg's third motion to dismiss as procedurally improper. Mot. Strike, ECF No. 34.

## II. Analysis

### A. First Motion to Dismiss

Filing "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." Stewart v. City of Houston Police Dep't, 372 F. App'x 475, 478 (5th Cir. 2010) (quoting King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Brock's amended complaint did not adopt or incorporate his first complaint. Because a motion to dismiss is not a responsive pleading, Whitaker v. City of Houston, Tex., 963 F.2d 831, 834-35 (5th Cir. 1992), when the complaint it addresses has been rendered of no legal effect, the motion to dismiss becomes moot. See e.g., Reyna v. Deutsche Bank Nat. Trust Co., 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (citing

---

[1] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

Smallwood v. Bank of Am., No. 3:11cv1283, 2011 WL 4941044 at *1 (N.D. Tex. Oct. 17, 2011)). Therefore, the Court holds that the first motion to dismiss is denied as moot.

### B. Second Motion to Dismiss

Rule 8(a) requires a plaintiff to plead a "short and plain statement" of his claim. Fed. R. Civ. P. 8(a)(2). The Supreme Court has raised the plaintiff's burden by holding this short and plain statement to a plausibility standard. In ruling on a motion to dismiss, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible. . . ." Lone Star Fund V (U.S.), L.P. v. Barclays Bank, PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Determining plausibility is a "context-specific task" requiring the application of "judicial experience and common sense." Id., at 679. But "[a] complaint must fail if it offers only 'naked assertions devoid of further factual enhancement.'" Doe v. Robertson, 751 F.3d 383, 387 (5th Cir. 2014) (quoting Iqbal, 556 U.S. at 678)).

Brock pleads four facts tying Vicksburg to his claims: (1) he was arrested on a warrant issued by Vicksburg for unpaid traffic

4

tickets, (2) he was taken from the WCJ to ICCF by the City of Vicksburg Police Department ("VPD"),(3) VPD had a policy of transporting individuals arrested for misdemeanors to ICCF, and (4) VPD was involved in the decision to release Brock without further medical treatment. Am. Compl. ¶¶ 13, 36, ECF No. 18. These facts are accepted as true, see Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004), even if their proof appears improbable, see Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable. . . ."). Further, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

The Court finds that Brock has sufficiently pled enough facts to survive this motion to dismiss on most of his claims. Choosing to release Brock without further treatment supports Brock's claims under § 1983. Making that decision in concert with ICCF and the Warren County Sheriff's Department supports Brock's claims under §§ 1985 and 1986. That Brock was released, still bleeding, supports Brock's claims for negligent and intentional infliction of emotional distress. However, the Court finds that Brock has not alleged any facts to show Vicksburg's liability on a failure to train or negligent hiring theory. Therefore, Vicksburg's motion to dismiss will be granted in part and denied in part.

C. Third Motion to Dismiss and Motion to Strike

In its Response to Brock's motion to strike, Vicksburg admits that its third motion to dismiss is procedurally improper. However, it argues that its motion to dismiss should instead be interpreted as a motion for summary judgment because it relies on matters beyond the pleadings. Resp. ¶ 7, ECF No. 46. Vicksburg attached the notice of claim to its motion as an exhibit. See Mot. Dismiss Ex. 1 ("Notice of Claim"), ECF No. 28-1. Finding this interpretation of the filings appropriate under Rule 12(d), the Court holds that Brock's motion to strike will be denied as moot.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion argues that Brock's claim is barred for failure to comply with the notice of claim requirements of the MTCA. Because Brock sent a notice of claim, it is a question of law rather than fact whether the notice complied with the statutory requirements. See Lee v. Mem'l Hosp. at Gulfport, 999 So. 2d 1263, 1267 (Miss. 2008). Therefore, summary judgment consideration on this issue is appropriate.

The Mississippi Code Annotated clearly sets out what must be included in a notice of claim.

> Every notice of claim shall: . . . Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place

>       the injury occurred, the names of all persons known to be
>       involved, the amount of money damages sought, and the
>       residence of the person making the claim at the time of
>       the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2)(b)(iii) (Rev. 2002). The Supreme Court of Mississippi has held that a plaintiff must substantially comply with these requirements. Lee, 999 So. 2d at 1267. Further, that court has described the purpose of the MTCA as "insur[ing] that governmental boards, commissioners, and agencies are informed of the claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." Reaves ex rel. Rouse v Randall, 729 So. 2d 1237, 1240 (Miss. 1998).

    Vicksburg argues in its motion that Brock has failed to provide a short and plain statement in the notice of claim. Vicksburg further argues that Brock has admitted that the notice of claim is insufficient. Mem. Supp. Mot. Dismiss ¶ 20, ECF No. 29. The logic of the argument is summarized as follows: the allegations in the notice of claim and the original complaint are identical; Brock filed an amended complaint in response to the first motion to dismiss; filing an amended complaint functions as an admission that the preceding complaint failed to state a claim; therefore, the notice of claim is admitted to be insufficient. However, Vicksburg cites no authority to support the proposition that filing an amended complaint functions as an admission that the original

complaint failed to state a claim. Further, although both Rule 8 and Section 11-46-11(2)(b) use the phrase "short and plain statement," the two phrases have not received the same judicial gloss and do not represent identical standards. Thus the Court is unmoved by this argument and does not find the notice of claim letter to be admitted as insufficient. Because there has been no admission, the Court must determine whether the notice of claim substantially complied with the statutory requirements.

To meet the short and plain statement, Brock must provide the seven categories of information listed in the statute. Newton v. Lincoln Cnty., 86 So. 3d 270, 273 (Miss. Ct. App. 2012) (quoting Parker v. Harrison Cnty. Bd. of Supervisors, 987 So. 2d 435, 439 (Miss. 2008)). First, Brock must explain the circumstances which brought about the injury. The Court finds that Brock did so in his three-page notice of claim letter. Brock explains his arrest and incarceration. He further explains his attack by a fellow inmate and his treatment at SICH. He also includes information about his transfers between jail facilities and his release. Notice of Claim, p. 1-2, ECF No. 46-1.

Second, he must describe the extent of the injury. The Court finds that Brock described his injuries as multiple skull fractures requiring eventual surgery and a busted lip requiring stitches, in addition to "severe nerve damage, loss of IQ, and suffer[ing] mental and emotional problems since the attack." Notice of Claim,

p. 2, ECF No. 46-1.

Third, Brock must include the time and place the injury occurred. According to the notice of claim, Brock was attacked on September 9, 2012, at the ICCF. He was taken for treatment at SICH and sent back to ICCF that same day. On September 10, 2012, he was transferred to the WCJ and then released. Notice of Claim, p. 1-2, ECF No. 46-1. The Court finds this information sufficient for this category.

Fourth, Brock must include the identities of the parties involved. The Mississippi Supreme Court has clarified that "[i[f the identity of [persons involved] is not known, obviously [the plaintiff is] not required to provide their names." Lee, 999 So. 2d at 1267. Brock lists himself, the Sheriffs of Warren and Issaquena Counties, the Warden and Chief Operating Officer of ICCF, and additional unidentified employees of ICCF, WCJ, SICH, and the VA hospital in Jackson, Mississippi, where Brock received further treatment for his injuries. Notice of Claim, p. 3, ECF No. 46-1. The Court finds this information sufficient.

Fifth, Brock must state the amount of money damages sought. Here, Brock merely states that he is "seeking all available compensatory damages and punitive damages as shown by the evidence. . . ." Notice of Claim, p. 2, ECF No. 46-1. In Lee, the Mississippi Supreme Court found that failure to include one of the seven categories was not fatal. 999 So. 2d at 1267 (holding failure to

9

include residence information was still substantial compliance). Further, the Mississippi Court of Appeals has clarified the test from Lee so that "a statutorily required element can be missing from a pre-suit notice only when (1) the missing element is not a "critical issue," and (2) the notice fulfilled the purpose of the statute." Hudson v. WLOX, Inc., 108 So. 3d 429, 434 (Miss. Ct. App. 2012) (citing Lee, 999 So. 2d at 1267). Further, the Mississippi courts have stated that determining substantial compliance is a "fact-sensitive question" that must be "decided on an ad hoc basis." Webster v. City of D'Iberville City Council, 6 So. 3d 448, 451 (Miss. Ct. App. 2009) (quoting Carr v. Town of Shubuta, 733 So. 2d 261, 265 (Miss. 1999)). The Court finds that the amount of Brock's damages is not critical to his claims and that the rest of his notice fulfilled the purpose of the statute.

Seventh, Brock must include his residence at the time of the injury and the time of filing. Brock stated his residence at the time of injury was the ICCF. Brock does not include his residence at time of filing. However, failure to include residency information is the exact circumstance faced by the Lee court, and this Court also finds that Brock's residency is not a critical issue in this case.

Based on the foregoing analysis, the Court finds that Brock has substantially complied with the notice of claim requirements of the MTCA. Therefore, Vicksburg's motion for summary judgment will

be denied.

### III. Order

IT IS HEREBY ORDERED that Defendant's first Motion to Dismiss **[docket entry no. 12]** is DENIED as MOOT.

FURTHER ORDERED that the Defendant's second Motion to Dismiss **[docket entry no. 25]** is GRANTED IN PART AND DENIED IN PART.

FURTHER ORDERED that the Plaintiff's claim against the Defendant for failure to train or negligent hiring is DISMISSED with prejudice.

FURTHER ORDERED that the Defendant's third Motion to Dismiss **[docket entry no. 28],** having been construed as a Motion for Summary Judgment, is DENIED.

FURTHER ORDERED that the Plaintiff's Motion to Strike **[docket entry no. 34]** is DENIED as MOOT.

SO ORDERED this the 14th day of October, 2014.

                                               /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE